Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
*Attorneys for Plaintiff*
(516) 328-2300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :   Civil Action No.
PROFESSIONAL FIGHTERS LEAGUE, LLC,    :
                                      :
          Plaintiff,                  :
                                      :   **COMPLAINT**
     -against-                        :
                                      :
BRAVAGO, LLC,                         :
                                      :
          Defendant.                  :
                                      :
------------------------------------- x

Plaintiff, Professional Fighters League, LLC, by and through its attorneys, Abrams Fensterman, LLP, brings this Complaint against Defendant Bravago, LLC, hereby alleges:

**PARTIES**

1.  Plaintiff Professional Fighters League, LLC ("PFL") is now, and at all times mentioned, was a limited liability company organized and existing under the laws of the State of New York, and having its principal office located at 320 West 37th Street, New York, New York 10018.

2.  Upon information and belief, Defendant Bravago, LLC ("Bravago") is now, and at all times mentioned, was a limited liability company with its principal place of business located at 13428 Maxella Avenue, Suite 432, Marina Del Rey, California 90292.

## VENUE AND JURISDICTION

3. Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §1332 insofar as the matter in controversy exceeds the sum of $75,000, and that the members of each of the respective parties are citizens of different states, and/or subjects of a foreign states.

4. In that regard, the sole member of Plaintiff is a C-Corp. whose shareholders reside all over the world. The sole member of Plaintiff is named PFL MMA, Inc. It is a corporation, that is incorporated in the State of Delaware, and has its principal place of business in New York.

5. Upon information and belief, Defendant is a corporation that was incorporated in the State of California. Upon information and belief, the shareholder(s) of Defendant reside in California.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) whereas the vast majority of the acts relevant to the controversy at issue were carried out within the Southern District of New York.

7. At all relevant times, Defendant has engaged in purposeful acts in New York by soliciting business from, and submitting payments to Plaintiff whose principal place of business is located at 320 West 37th Street, New York, New York 10018.

8. Defendant's activities in and contacts with New York were purposefully sought and transacted to take advantage of the benefits available under New York Law. Indeed, the parties contracted via choice of law provision, to litigate any issue that arises under the agreement in the courts of New York, and under New York law.

## FACTUAL BACKGROUND

9. On or about December 16, 2021, the parties executed a Sponsorship Agreement in which, *inter alia*, Bravago contracted to pay PFL for the provision of promotional and sponsorship benefits on various PFL platforms.

10. Pursuant to the Agreement, the term of the relationship was to commence March 14, 2022, continued in effect through December 31, 2024.

11. In consideration for the sponsorships, Bravago was to pay PFL varying payments in installments from March 1, 2022 through December 31, 2024 an aggregate amount of $1,270,000.00.

12. Bravago made its first two installment payments on March 1, 2022 and August 1, 2022, in the amount of $150,000.00, and thereafter failed to make payment on any of the installments due and owed to PFL pursuant to the Agreement.

13. The PFL performed all of its obligations under the Agreement, but has not received the requisite compensation under the Agreement, notwithstanding due demand from PFL to Bravago.

## FIRST COUNT
### *(Breach of Contract)*

14. PFL repeats and reiterates each and every allegation contained in paragraphs "1" through "13" of this Complaint, as if more fully set forth at length hereat.

15. The Sponsorship Agreement is a valid contract by and among the PFL and Bravago.

16. Bravago breached its responsibilities and obligations as it relates to same, by failing to pay for services rendered by the PFL.

17. Bravago's breaches have resulted in damages to the PFL totaling $835,000.00 plus a contractually obligated monthly late fee of 1.5% of the amount due and owing. Such late fee can

be calculated from October 1, 2022, at which time Bravago ceased making payments due and owing under the Agreement.

18. By reason of the foregoing actions, the PFL has suffered damages.

**WHEREFORE**, the PFL demands judgment against Bravago, awarding:

a. Compensatory damages;

b. Pre and post judgment interest;

c. Court costs and fees; and

d. Costs and disbursements of this action, together with such other legal or equitable relief as this Court may deem just and proper.

Dated: April 2, 2024

                ABRAMS FENSTERMAN, LLP

                By: _____
                Alex Leibson
                3 Dakota Drive, Suite 300
                Lake Success, New York 11042
                aleibson@abramslaw.com

                *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all causes so triable.

ABRAMS FENSTERMAN, LLP

By: _____
Alex Leibson

Dated: April 2, 2024